UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:17-cv-61801-UU

DINA REYES,

    Plaintiff,

v.

ESTRELLITA, INC., *et al.*,

    Defendants.

_____/

## ORDER DISMISSING STATE LAW CLAIMS

THIS CAUSE is before the Court *sua sponte*.

THE COURT has considered the pertinent portions of the record and is otherwise fully advised in the premises.

**I.**    **Background**

On September 15, 2017, Plaintiff filed the instant action, alleging claims for: (1) breach of contract, based on breach of a Franchise Agreement (the "Agreement") (Count I); (2) violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, for failure to pay minimum wage (Count II); (3) rescission of the Agreement (Count III); (4) intentional and negligent misrepresentation (Count IV); (5) violations of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") (Count V); (6) quantum meruit (Count VI); (7) unjust enrichment (Count VII); (8) misclassification of employees as independent contractors, in violation of Florida law (Count VIII); (9) violations of Florida's minimum wage act (Count VIII); (10) failure to pay overtime, in violation of the FLSA (Count IV).[1] (2) Intentional Infliction of

---

[1] Plaintiff's Complaint includes two claims listed as "Count VIII" and two claims listed as "Count IV." D.E. 1. For ease of reference, the Court will refer to each Count by the number used

Emotional Distress, (3) Negligent Infliction of Emotional Distress, (4) Negligent Retention, (5) Disability Discrimination in Violation of the Florida Civil Rights Act, and (6) Retaliation in Violation of the Florida Civil Rights Act.

## II.     Legal Standard

In civil actions where district courts have original jurisdiction, 28 U.S.C. § 1367 provides district courts with supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  However, sub-section (c) of § 1367 provision permits district courts to decline to exercise supplemental jurisdiction if any one of the following four conditions exists:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

The decision to exercise supplemental jurisdiction "is vested in the sound discretion of the district court." *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1288 (11th Cir.2002).

In *United Mine Workers v. Gibbs*, the Supreme Court held that where "the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice

---

in Plaintiff's Complaint and, then, also cite to the specific page numbers of the Complaint where the Count is pleaded.

and left for resolution to state tribunals." *Gibbs*, 383 U.S. 715, 726 (1966)[2]. Additionally, in *Lindsay v. Gov't Emples. Ins. Co.*, a case involving claims for unpaid overtime under FLSA and a state unpaid overtime statute, the Court of Appeals for the District of Columbia explained that predomination under § 1367(c)(2) relates to the type of claim. *Linsday*, 448 F.3d 416, 425 (D.C. Cir. 2006). The *Linsday* court further determined that where the state law claims essentially replicate the FLSA claims, the state law claims do not predominate. *Id*. However, federal courts have not hesitated to dismiss or remand state causes of action under §1367(c)(2) where the state claims would require "elements of proof that are distinct and foreign to [the federal] claim," and which would therefore "cause a substantial expansion of [the] action beyond that necessary and relevant to the federal claim." *James v. Sun Glass Hut of California*, 799 F. Supp. 1083, 1085 (D. Colo. 1992); *Council of Unit Owners of the WISP Condominium, Inc. v. Recreational Indus., Inc.*, 793 F. Supp. 120, 123 (D. Md. 1992); *Green v. Zendrian*, 916 F. Supp. 493, 498 (D. Md. 1996).

**III.   Analysis**

Here, all of plaintiff's state-law claims involve elements of proof distinct from the federal claim. *See Green*, 916 F. Supp. at 498. Furthermore, a trial of these claims would revolve predominantly around questions of state law and factual questions that are distinct in scope from the issue of compliance with the federal minimum wage. *See Gold v. Local 7 United Food & Commer. Workers Union*, 159 F.3d 1307, 1310-1311 (10th Cir. 1998) (declining to exercise supplemental jurisdiction where factual questions raised in state claims are predominantly distinct in scope from federal issue). Moreover, Plaintiff's only federal claims, which are FLSA claims, sound under a mechanical statute that compensates eligible employees who are paid less

---

[2] The Eleventh Circuit Court of Appeals requires "district courts in removal cases [to] remand, rather than dismiss, state claims over which they decline to exercise supplemental jurisdiction." *Myers v. Cent. Florida Investments, Inc.*, 592 F.3d 1201, 1226 (11th Cir. 2010).

than the statutory minimum wage.  *See* 29 U.S.C. § 206.  By contrast, Plaintiff's claims under FDUTPA and Florida common law entail elements and defenses that require proof of facts that are wholly distinct from the dispute over proper minimum wage and overtime compensation that are at the center of Plaintiff's FLSA claims.  Accordingly it is hereby,

ORDERED AND ADJUDGED that Count I (D.E. 1 p. 15), Count III (D.E. 1 p.  17), Count IV (D.E. 1 p. 17), Count V (D.E. 1 p. 17), Count VI (D.E. 1 pp. 17-18), Count VII (D.E. 1 p. 18), Count VIII – Misclassification as Independent Contractor (D.E. 1 p. 18), and Count VIII – Wage Violations (D.E. 1 p. 18) are DISMISSED WITHOUT PREJUDICE. Accordingly, **only** Counts II and IV remain live claims in this case.

DONE AND ORDERED in Chambers at Miami, Florida, this _26th__ day of September, 2017.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies to: counsel of record